original entries; which, though very irregular, the court permitted to go before the jury, he swearing to them as original entries.

*The Court* said that long practice, and perhaps necessity, required the admission of such evidence. (*a*)

—»»§●●《《‹«—

JOHN D. OUTTEN and wife *vs.* WILLIAM. W. KNOWLES, et al.

The receipt and acquittance of an heir at law, or ward, sealed and acknowledged, is conclusive against him, and cannot be corrected in an action against the administrator or guardian.

THIS was an action of debt on a guardian bond. Pleas, non est factum, payment, &c.

The plaintiffs gave the bond in evidence; the guardian account, showing a balance due the ward, of $62 71; and proved the sum of $48 73, received by the guardian, and not accounted for.

---

(*a*) *Joshua Hall* vs. *N. Field and A. Wiltbank.* March 18, 1795, Supreme Court, Sussex. Covenant for the hire and one-third value of the schooner Polly Hall, on charter party of affreightment. *Ridgely* and *Bayard,* for defendant; *Miller* and *Wilson,* for plaintiff.

Defendant's counsel offered the book (being a sheet of paper sewed together in octavo,) of one of the defendant's, (Field,) together with his oath in evidence.

Plaintiff's counsel objected that this was not a book regularly and fairly kept; here appears to be only one account; it appearst o have been written all at once, it is agreed that at least many of the charges were written long after the transaction.

*Per Curiam.* READ, *Chief Justice.*—The book is to be read. ' We are under a necessity, considering the irregular practice under the act of assumptions, to admit the book, though not such as that act requires: the practice under an act is the best construction of the act.    One instance, thirty years back, occurs to me; since which I have not objected to such exhibits. It was a bit of paper about two inches square and entered sometime after the transaction but was the only eivdence, and it was admitted on argument at Dover.    There is a similar act in Pennsylvania, and there a closet door with chalks, &c., was admitted.    It appears from the book several of the charges were entered long after the transactions; but the jury will give it its credit. (*Wilson's MS. Rep.* 64.)

Verdict for plaintiff.

The defendants gave in evidence a receipt *under seal*, dated June 3, 1845, for $63 65, in full, of M. A. Outten's share of her father's estate; acknowledged, and recorded in the register's office.

*Robinson* and *Saulsbury*, contended that this receipt was not conclusive, and that the guardian accounts showed that this sum of $48 73, was not accounted for. (1 *Esp. Rep.* 172; 2 *Harr. Rep.* 5, 392.)

*Layton*, said there was a distinction between an ordinary receipt, and such a receipt as this *under seal*, acknowledged and recorded under the act of assembly, as an acquittance and discharge.

*The Court* were of this opinion, and held that the receipt under seal was not merely prima facie evidence of payment; but was itself a bar, and conclusive. (2 *Saund. Pl. & Ev.* 749; *Gilb. Ev.* 142; 1 *B. & C.* 707; 2 *Taunt.* 141.)

Whereupon the plaintiff suffered a nonsuit.

*Robinson* and *Saulsbury*, for plaintiffs.

*Layton*, for defendants.

——»»❂❂❂«‹«—

## JOHN JACKSON, Jr. *vs.* ROBERT PATTERSON and GEORGE F. MASON.

A tenant holding under a written lease, continues (without notice to quit) to hold *under its terms:* and if the demise be stated in the avowry, he cannot, under plea of non demisit, prove a different contract by parol.

But if the demise be laid generally he may prove any terms by parol, though the original letting was by deed.

KENT, October term, 1847. This was an action of replevin. The defendant's pleaded non cepit; and the defendant, Patterson, also avowed the taking for rent arrear for three quarter's of a year, commencing on the first of March, and ending on the last day of Nov. 1846, amounting to $37 50, and the defendant, Mason, made cognizance as Patterson's bailiff. Issue was joined on the plea of non cepit, and to the recognizance and avowry the plaintiff pleaded non demisit, &c.

It was proved that the plaintiff, Jackson, took possession of a house and certain lots in the year 1845, by virtue of a lease under seal from Patterson from March, 1845, to March, 1846, at $50 per year, payable quarterly for the house, and one-half the produce for the lots;